IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FILED
MAY 3 0 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned
NO IFP

```
GBEKE MICHAEL AWALA,                    :
No. 82074-054
Federal Detention Center                :
P.O. Box 562
Philadelphia, PA 19105                  :
                                              Civil No.: 06-361
                                        :
        Plaintiff,
                                        :

                                     1. :
Grand Jury For District of Delaware
United States District Court            :
for the District of Delaware
844 N. King Street                      :
Wilmington, DE 19801

                                        :
        and
                                        :
Jurrors of the January 17, 18 Trial
2006.  Selection of Jury, Vor dire      :
United States District Court
for the District of Delaware            :
844 N. King Street
Wilmington, DE 19801                    :

                                        :
        and
                                        :
Hawkins Reporting Service,
Professional Reporters and              :
Stenographer.Before Honorable
District Court Kent A Jordan,           :
c/o Stacy L. Vickers
715 North King Street                   :
Wilminton, Delaware 19801.

Court Deputies, unknown, all in         :

their individual capacities.            :

        Defendants.
                                        x
```

1. All persons who were selected and acted under color of Federal Law
   in the administration of justice, thus amenable to suit for dep-
   rivation of a constitutional right by the prosecution reliance on

COMPLAINT AND JURY DEMAND

Gbeke Michael Awala brings this Civil Action Complaint by and through Pro Se, and alleges as follows:

PRELIMINARY STATEMENT

1.  At all times relevant hereto, Plaintiff, On August 12, 2004, was arrested and charged by police from the Delaware River and Bay Authority with failure to pay a toll. On August 13, 2004, plaintiff was arraigned in its initial appearance before United State District Court Magistrate Judge Mary Pat Thynge. At that Hearing, the Special Agent Axel Gonzalez, testified the matter to the Plaintiff and imply that he his a criminal and beign charged with re-entry after deportation, plaintiff having understood so little of his allegation remained silent, having beign instructed by his defense counsel Mr. Christopher Koyste, listen to the SA Gonzales testimony as if he had no knowledge the plaintiff received permission to enter the United States, Agent without inquiry, undermined the need for a fair trial range far afield for an argument that the plaintiff had been drunk when he reentered the United States having committed perjury, afflicted the Plaintiff as if a tyranny. Avoids the facts, deliberately and intentionally disregard to inform the Magistrate Judge at the hearing, that the plaintiff states he was born in the United States and he did not know he must have been born here when he was here and known as Alien until year 2003. The

---

information through deliberate deception of court and jury by the presentation of testimonies known perjury to procure the conviction and imprisonment of the plaintiff from deliberate suppression of his proven notice comport with his status as a U.S. Citizen by birth.

2.

    Judge having no probable cause to hold the Plaintiff in Detention, but as a result of beign misled by the Agents information and material acts and omission ordered the palintiff be detained pending a subsequent detention hearing.

2. On August 24, 2004, the Grand jury for the District of Delaware returned a one-count felony Indictment, charging Gbeke M. Awala, hearing Plaintiff with re-entry after deportation, following a conviction for an aggravated felony, in violation of 8 U.S.C. Section 1326(a) and (b)(2). Nothwithstanding, the Plaintiff's request on or around October 1, 2005, an order compeling the Government to produce transcripts of the grand jury's session, including transcripts of the deliberations and voting of the grand jury, including the palintiff's entitlement based on Plaintiff's presumption of irregularity, bearing in mind the secrecy nature to "preserve the freedom and integrity of the deliberative process." The response was illegal and prejudicial, evident prosecutorial misconduct that meet the particularized need standards that the facts presented in the Grand Jury was material false, the prosecutor prejudicially thought that the palintiff had no basis to conclude that defect exist, whereas it existed..instructing the court to deny the transcript on mere speculation or that plaintiff was engaging in fishing expetion in hopes of uncovering an impropriety. Plaintiff reasonably believes that the Grand Jury Proceedings in U.S. v. Awala, CR. No 1:04-901-KAJ, including the overwhelming proof by presentation of testimonies known to be perjury such a contrivance by the prosecutor to procure conviction and imprison the plaintiff, supports the plaintiff unrevocable presumption, that the prosecutor had caused the Grand Jury to go "awry. See United States v. Tidwell, 1996, WL 510086, at *1 (E.D. Pa. Sept. 6, 1996); see also generally United

3.

2. <u>States v. Breslin</u>, 916 F.Supp. 438, 446 (E.D. Pa. 1996). More so, the Grand Jury was uninformed and/or deliberate/intentionally disregarded to the truth regarding the facts known to be true to the prosecutors in favor of Plaintiff, that plaintiff was born in the United States and he did not know about it, as it is till this day of this Civil Rights Action was his birth recorded, it was originally registered, nor did prosecutor influenced the inspection on these exceptional circumstances demonstrate its fair presumption of innocence or show a residual doubt about guilt to engage the grand jury proceeding in the conduct consistent with the rudimentary demands of justice, bring forth this good tidings to the notice of the Grand Jury and knowledge that the Plaintiff grew up in Nigeria and once visited the United States at age 12 years in search for his biological parents, On or around January 1, 2004, he was allowed by the border agent under the law having functional equivalent authority to grant express consent of the Attorney Genral to which he was granted permission to reenter in Baltimore and these agents had such authority within the Department of Homeland Security and the Under Secretary for Border and Transportation Security to consent to the reentry after deportation. Thus, the evidence withheld by prosecution have affected the judgment of the Grand Jury. <u>U.S. v. Wlliams</u>, 344 F.3d 365 (3rd Cir. 2003)(The decision to correct a forfeited error lies within the sound discretion of the Court of Appeals, and the Court should not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial procedings). Plaintiff although, challenge the error, and consistently indicated that the statement and testimonies as learned from the agent's participation, according to Page 5 and Line 1 through 11, at 9:47 a.m Grounded on prejudice and its never

4.

2.  moot much more ripen to procure a suit over this issue, its ripen and Plaintiff was prejudice, the critical facts upon which the Indictment is based contained statements, from a Grand Jury proceeding(thought a none retroactive make up Grand Jury), contained omissions that were deliberately false or demonstrated a reckless disregard for the truth, and those omissions were essential to the Grand Jury findings of probable cause to indict and prosecute the Plaintiff, particularly were the plaintiff's defense was not properly permitted to attack the credibility and reliability of the Who once indicated plaintiff enterred through Rainbow New York, and thereafter Niagara Falls, then indicated palintiff was Drunk, the testimony were false and the SAgent committed perjury and the prosecuting authorities had knoledge of that perjury and suppressed impeaching evidence. In truth and consistent with public policy and Congressional fair play and decency enacted to be the practices comport with the District Court's standard practice regarding grand Jury deliberations and voting, to the contrary the Plaintiff's presumption of irregularities is beyond mere speculation a fact so true that the court need to upheld the teachings in re <u>United States v. Wofson</u>, 294 F. Supp. 267, 271 (D. Del. 1968)(citations omitted).

3.  Plaintiff brings this Civil Rights action aginst the Defendants to redress the deprivation, under the color of Federal Law, of rights, privileges and immunities secured to him by provisions of the Federal Rules of Criminal Procedures, Rules 1, 2, 3, 4, 5, 6(The Grand Jury, Indictment and Information), 7, 12 and 23(Jury Trial), and of the Fourth, Fifth, Eight, Ninth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. Sections 1981, 1982, 1983 and 1985.

5.

4. Plaintiff also alleges that Defendants unlawfully deprived him of his civil rights under the Delaware State Constitution.

5. Plaintiff reserves the right to amend this complaint as soon as case received a docket entry on the District courts data in this matter through discovery.

6. The Plaintiff further alleges that On January 17, 18, and 19, 2006, were the proper dates regarding the selection of the Jury, it's his reasonable belief and claim that the selection of jurors in his case was not comport with the Court's standard practice regarding selection of jury and jury paneling, including the impaneling of Jurors whom the court had never in the proceeding allowed to be screened in light of the proper vor dire questions, these jurors were admitted as jurors gaining the majority seates they display a deep-seated favoritism or antagonism that evidently or generically made fair judgment practically impossible, including the use of jurors who had had extrajudicial affairs with the presiding Judge Hon. Kent A Jordan, because the court did not follow the correct proceeding on this basis alone constitute a valid basis for a bias or partiality application, so the---irregularities integrated in the jury deliberation process, the palintiff was overly prejudiced because, the Functions of the U.S. Marshalls, by allowing them to sprout the matters of rejected jury were not properly made in order "to maintain control over the judicial proceedings and to preserve courtroom decorum, ordinarily supports partiality challenges, and did not give fair judgment to the plaintiff's criminal trial, Furthermore, the plaintiff was forced to use his preemptory challenges on juror who should have been removed show actual prejudice from expenditure of peremptory challenge, since the plaintiff had objected was seated.  Thus, the plaintiff asserts the jury trial was three days, it was not proven applicable here, the jury instruction had discriminatory effect.

6.

7. Plaintiff asserts that evidence is material if its suppression undermines confidence in the outcome of the trial, even where the evidence "goes only to the credibility of the witness" because the jury's estimation of that witness's reliability may be determinative of the defendant's guilt, especially where in the instant case is likely to have changed the verdict. See Napue v. Illinois, 360 U.S. 264, at 269 (1959). See also Carr v. Schofield, 364 F.3d 1246 (11th Cir. 2004)( n. 2, 3, 'A conviction obtained by the knowing use of false or perjured testimony, including testimony that reflects on the credibility of the witness, will "be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury).

8. The Plaintiff alleges that, to the extent he was removed from the court room while under emotional distress not erratic or obstreperous conduct in court, standby counsel was asked to assume full role and proceeded with the trial, during the trial, in his closing speech, present counsel argued that the government's case lack of independent proof that the Plaintiff was a Nigerian Citizen, counsel also raised the issue of corpus delicti, the Judge gave instruction without addressing the Plaintiff's record check conducted in Miami Dade County for his Birth Certificate and the State of Floridas Delayed Birth Certificate provisions in Case No.2005-119546-FC-04, thus, the panel was hindered and permitted to rely on Government's Agent testimony not trustworthy and reliable, allow the jurors to believe it simply because the were Law enforcement officers, that were not proven beyond a reasonable doubt. The Court's Jury instruction was motivated by the demonstration in the court room and it was the adverse effect prong of a retaliation. See Suppan v. Dadonna, 203 F.3d 228 (3d Cir. 2000) and a punishment for the exercise of plaintiff's constitutional right to be accepted as a child by Birth in U.S.

9. The plaintiff asserts that the Stenographer report contains irregularities,

9. after a hearing held on May 17, 2005, the Honorable District Judge granted the government's motion to Supress/Trial both transcripts have been cooked like crack or cocaine basis all text are unlawful.

10. Plaintiff further assert that the court tried him on January 17 and 18, 2006. The jury found the defendant herein Plaintiff guilty and sentenced as **set** for may 11, 2006.

11. Plaintiff alleges that he moves for the defendant presiding/ unamed Judge's recusal on/or around October 31, 2005 (D.I. 90)(On ground of prejudice) it was denied. See <u>U.S.A. v. Awala</u>, Cr. 04-901-KAJ. Plaintiff further alleges that he moved for a Motion to appear full as Pro Se (D.I.84), it was mooted by the Defendants. Plaintiff further alleges that he moved for Continuance of his Suppression(D.I. 77) it was denied. Plaintiff further stated that he moved for Motion fo Dismiss Indictment (D.I. 81) it was denied. Similarly, Plaintiff assert that he moved Motion For Hearing on Nationality Claim(D.I. 96) and it was denied. The government was unable to respond to Defendant's herein Plaintiff's Motion Under Federal Comity Doctrine (D.I. 97. The Government is unable to respond to Defendant's Motion to oppose Conspiracy Treatment and Prejudice (D.I. 90). The Plaintiff further asserts that he filed a "Motion to Require of Claim of Discriminatory Selective Prosecution (D.I. 113) it was denied. The Plaintiff's Competency to stand trial was un dermined.

## JURISDICTION

12. This Court's jurisdiction is invoked pursuant to 28 U.S.C. Section 1331, 1343(a)(3) and (4); 144 and 2201 and 2202. The substantive due process claims in this action arise out of 42 U.S.C. Sections 1981, 1982, 1983, and 1985, the Fourth, Fifth, Sixth, Seventh, Eight, Ninth and Fourteenth Amendments of the

8.

12. United States Constitution. In addition plaintiff states a claim herein under the State of Delaware Constitution.

## PARTIES

13. Plaintiff, Gbeke Michael Awala, is an individual who currently resides at the Federal Detention Center, P.O. Box 562, Philadelphia, Pennsylvania 19105, as an inmate for a conviction on federal criminal charges in Delaware, the indictment and conviction were fruit of the allegation contained herein, and which shows that Plaintif has genuine issue as to material fact against this defendants.

14. While the above-mentioned defendants herein, were agents, servants, workmen and/or persons authorized by the Act of Congress to sit in the Garnd Jury as a petite or regular Juror and Jurors and the instant of misconduct was motivated by the prosecuting authorities that any reasonable Grand Jury, Jurors and Stenographer and Court Deputies, known and unknown would have asked questions as selected by the parties, if the authorities where hiding something, especially the law enforcement agents..including the jury instructions on the basis of correcting impropriety, whereas a reasonable defendants as in another District Court would have examine the facts presented thoroughly with intelligence and with knowledge in a manner consistent with right to "preserve the freedom and integrity of the deliberative process with a mindfull to give fair judgment.

15. The Plaintiff asserts that the incident took place at the United States District Court for the District of Delware, from August 12, 2004 and January 17, 18, 2006, the U.S. Marshall and Court Clerk have the complete true and authentic and accurate Names of the alleged individuals without any problem to the sufficiency of names.

9.

16. Defendants above-mentioned, are sued in their individual capacities as persons and individuals acting under and within the scope and authority of there selected positions as Jurors and court reps and deputies were receiving and received practices and procedures of the Members of the Jury according to the NOTES and Pattern Criminal Jury instructions, 6th Circuit, section 1.01 (2005), by the prosecuting authority, the Office of the U.S. Attorney's by Ms. Beth Moschow Schnoll, including Introduction, Jurors' Duties, Presumption of Innocence Burden of Proof Reasonable Doubt, Evidence Defined, Consideration of evidence, Direct and Circumstantial evidence, Credibility of Witnesses, Nature of the charges Introduction, Count1 and Reentry after deportation, Reentry essential elements On or About, consideration of evidence introduction, Unanimous verdic, Duty to Deliberate(Herein Allen Charge), Punishment, Verdict Form and Court has no Opinion, including the policies, practices and procedures used on Plaintiff Gbeke M. Awala, as more particularly described aforetime. Said Defendants directly participated in the perpetuation of the illegal practices of failure to insure operations that provide for uniform treatment and its required highest degree of collegiality and independency of jurors, from Court Staff, prosecutor and Judiciary, as far as I'm concern ain't no telling if any of those jurors are completely devoid in criminal conviction, or personally acquanted with Assistant U.S. Attorney and had personal knowledge of the case and may have discussed it prior to trial.

17. Plaintiff assert that all of the above questions may prevent the rendering a fair and impartial judgment as they are presumtively present in this case not just mere speculation.

10.

## UNITED STATES CONSTITUTIONAL CLAIMS

18. Defendants, with knowledge of Plaintiff's rights, and knowing also the inadequacies and deficiences in their policy of discriminatory policy had a duty to protect under Fourth, Fifth, Eight, Ninth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. Sections 1981, 1982, 1983 and 1985 to establish and impliment policies, practices and procedures designed to assure that Plaintiff was treated in an appropriate way in cormity with the provisions of the Federal Rules of Criminal Procedures Rules 1, 2, 3, 4, 5, 6 and 7 including Rule 23 et seq in conformity with the proper method for conducting a Trial by Jurrors and Grand Jury Indictment.

19. Defendants, knowing of the Constitutional rights of Plaintiff, and with deliberate indifference to said rights, had failed and neglected to establish and implement policies, practices and procedures designed to assure that Plaintiff case in criminal was proven beyond a reasonable doubt, by proven every essential element of the instant offense and procedures designed to assure that Plaintiff was afforded the full potential of a Grand Jury process, instead of the unovercome presumption of irregularities believed to be "awry, to have chosen the proper and adequate standards.

20. On Janyry 18, 2006, the criminal indictment/prosecution and conviction against the Plaintiff until now stands at odd with the Plaintiff's Citizenship right by birth undisputably, thus, the conviction was malicious and must give way so as to permit the Plaintiff to enjoy his rights and equal protection of the Fifth and Fourtenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as follows:

1. That the Court determine and enter judgment declaring that the acts and omissions of Defendants cause him to be carried in captive and put in prison;

2. That the acts and omissions violate rights secured to Plaintiff by the Fourth, Fifth, Sixth, Eight, Ninth and Fourteenth Amendment to the United States Constitution, and 42 U.S.C. Sections 1981, 1982, 1983 and 1985, concerning their wrongful oppressive conducts by strangers whom were over 12 people and and were wilfully and maliciously influenced to pursue prosecution and conviction by premeditated approach.

3. That the court determines that it is right for me to be angry from one who does not relent from doing wrong, that they were assembled with the elders and consulted together, whether a large sum of money was given or not they did as they were instructed, teaching them to observe all things that had been commanded them, so they took the Money. Thus, if the trier of facts is willing to make clean, let us go into a New Trial pursuant to Rule 33, not saying ooh we never seenanything like this before.

4. That the Court grant status as a citizen only by Birth in the United States as provided by the Act of Congress. See 22 Harv J LPP 2:465 (1999) and Miller v. Albright, 140 L.Ed 2d 575(U.S. 1998);

5. That the Court award general damages and punitive damges of Thirty Five Million Dollars($35,000,000.00).

6. That the Court grant such further and additional relief that it release---orphan from this wicked trial.

Dated 5/23/, 2006.

Gbeke Michael Awala

12.   No. 82074-054