IN THE UNTITED STATES DISTRICT COURT
FOR THE DISTRICT OF Delaware

GBEKE MICHAEL AWALA, etal,
And the peolple of _____

Plaintiff

VS.

Grand Jury etal

Defendants,

Civ No. 06-361 KAJ

FILED MAR 22 2007
SUE L. ROBINSON
U.S. DISTRICT JUDGE
BO scanning

MOTION FOR: Reconsideration

NOW COMES, the plaintiffs, Mr. Gbeke Michael Awala, and _____ Unanimously as Citizens and as Pro Se Litigants in the United States, under the Constitution of the United States, and based on the Federal Rule of Civil Procedures, moves the Honorable Court, and the Noble District Court judge, to hear and execute Judgement in the Facts and Legal allegations herein raised in the interest of Justice and parties involve. In support the plaintiffs states as follows:

1. Plaintiff files this Motion for reconsideration in the above Captioned matter. The dispute
2. presents unispected Jurors and the Court approval into the Jury wheel, alternate Jurors and foreperson
3. that defendant/Plaintiff Awala was not afforded an opportunity to inspect thoroughly, In the Interim
4. that the handled Jurors by the Court room deputy
5. Clerk, In situation where a Juror or Jurors Continue
6. to serve on the matter, as dated January 17, 18 2006, at all stages, Plaintiff Informed the Court
7. Hon. Judge Jordan. The pactice was unauthorized by existing Rule 23, In a situation where a Juror

Other:

Signatures: _____          _____
            Reformer-Litigator      Gbeke Michael Awala

exhibited to the Judge, during Voir Dire. See United States v. Awala, No. 04-CR-90-KAJ (D.Del. May 11, 2006), is member to, or personally acquainted with Judge Jordan. Thus, the close relationship with the Judge, the Lady More admit Concession to Plaintiff's attack to prevent her from being an Impartial Juror. Whereas the Judge violated procedural rule by not assessing the Juror's ability at that point to remain Impartial despite Plaintiff's objection and action to prevent prejudice, the Judge excluded the enumerated questions by Plaintiff or defendant Awala and such Conduct affected the Jury's ability to Consider the evidence fairly and Plaintiff actually Believe the Juror tainted the Verdict. The Judge Simply did not afford that Juror woman to voice any any potential Impact she may have because she had worked for Jordan, and on their partiality under such Circumstances the Court should not be permitted to benefit from the Judge's Conduct and hold Defendant at Loss, the Judge abused Its discretion to not excluded the close friend and former Aid in the Jury panel.

Plaintiff further alleges the need for reconsideration pursuant to Rule 59(e), to Correct. Manifest error of Law or Fact and to present newly discovered evidence that a member of the panel know of any other matter which the Court's attention should have deeply saving If such information has some bearing upon the Jury's qualifications or ability to sit as a jurors, or which may have prevented them from rendering a fair and Impartial

Plaintiff reasonably believe the Judge misapprehended the effect of the Memorandum order Issued on/or around December 12, 2005. See U.S. v. Awala, 2005 WL 3406530, at *1 (D. Del. 2005). Furthermore, Plaintiff argue that the Court deprived him of A Fundamental Principle of our legal system that when a person is charged with a Criminal offense he is presumed to be Innocent unless and until the government proves guilt beyond a reasonable doubt. Similarly, the Court erroneously selected juror in the Captioned matter (Criminal), without applying the rule of Law. Moreover, VOIR DIRE (Criminal Case) n. 5' ~~Does~~ any member of the panel have any personal knowledge of this Case, or have you read or heard It discussed, or have an opinion regarding It.

Furthermore, Plaintiff Complaint about exposure of Jurors to prejudicial materials before trial within a month to trial and During Duty and function of the Court publicly selecting Juries in general, and serious danger agreed upon the public PACER records that reveals the WESTLAW 3406530, at *1 (D. Del. 2005). Id.

¹ The Judge States:
I have before me literally dozens of motions filed by Awala, who is nothing if not prolific...... I earlier dealt with several of his filings... but that seems only to have whetted his filings... but the ...... id. Moreover, Plaintiff was placed under Imminent danger where potentially

3.

prejudiced publicity is brought by the Court and the Judge, and the Judge failed to determine whether such information is in fact prejudicial, because Plaintiff finds it publicly genuinely prejudicial, because it was too timely pressed and the Court failed to conduct the two steps examination of jurors to determine whether any jurors have heard or read publicity in question, and if so the effect of such publicity upon the jurors. See U.S. v. Porcaro (Mass) 1981, 648 F.2d 753 (citations omitted).

Plaintiff further alleged that the Collective permits by the Court, who have the Government Substitute Individuals concerning the striking in the peremptory challenges steadfastly avoided the Court on two witnesses on the records that the Court should have had discretion to use Rule 23 and Rule 24 to Substitute jurors with alternate jurors who had not been VOIR DIRE, to that end the Court take no appropriate steps to insulate the alternate jurors. For example by separating the alternate from the deliberating jurors and instructing the alternate jurors not to discuss the case with any other person until they replace a regular juror. See e.g. United States v. Olano, 507 U.S. 725 (1993).

Furthermore, Plaintiff alleges to Conduct of the Judge in failure to to protect the sanctity of the deliberative process, since the rule requires the Court to

4.

take appropriate steps to Insulate the alternate jurors, by resumption of proper alternate jurors and once forden mantel right prompts such action. Plaintiff herein challenge the procedure employed at trial in the Court which permits the Judge to permits the alternate juror to set in the deliberating Cause a reason to exclude the Foreperson represents, the Instant action, although spontaneous — when the plaintiff outburst admonished before the Foreperson, resulted in the Place on his lap the passports.

In the Transcript page B-69/A-332 Id. Line 9 through 13. Id.

THE COURT STATED: Right, well, I'm stating on the record that I saw it fall from the Foreperson's lap to the floor and that there is no reasonable prospect, given the way the timing occurred, that his note was read. So Let's go ahead and get the jury back.

In the Instant Case, the alternate juror should replace the Foreperson, there is ample authority to a directive to eliminate the Foreperson, Inferring the particular reasonable Inferences that such disparity could cause the Foreperson to Intentionally and grossly Inject prejudice into other jurors and more severely on the basis of the outburst, that so affected the jury's ability to Consider the totality of the evidence fairly/ The Court did not protect the Sanctity of the deliberation process, as a factfinder, the Incorporation of the alternate jurors at that point was

4.

Warranted because Rule 24(c) does not explicitly permit alternate jurors to sit in during deliberations); United States v. Houlihan, 92 F.3d 1271, 1286-88 (1st Cir. 1996)(harmless error to retain alternate jurors in violation of Rule 24(c); in finding harmless error the Court cited the steps taken by the trial judge to insulate the alternates.). If alternates are used, the jurors must be instructed that they must begin their deliberations anew.

Plaintiff is taking the position that the Judges Control either resulted in a tainted Jury verdict and also unConstitutional and not an appropriate Balance between the Government and the defendant Gloeke M. Avala. Thus, the procedure is challenged as being unConstitutional. See Ciudadanos Unidos de San Juan v. Hidalgo County Grand Jury Commissioner, 622 F.2d 807, 823 (5th Cir. 1980) (allegations of pattern of discrimination spanning several jury Commissioner administrations, along with allegations that incumbents will follow practices of predecessors, sufficient to defeat motion to dismiss on grounds of mootness).

Plaintiff further argues that a removal and replacing of the Judge Kent A Jorden through 28 U.S.C. Sec. 143 and matter of his elevation to the Third Circuit, under these circumstances, it is clear that a change or resignation of a new judge to fill his vacancy does not guarantee, such a new judge has not and will not likely and deeply ingrained pattern of discrimination that has existed historically in Jury case and jury trial in this Court, based upon the treatments and practice by

6.

Judge Jordan, a Supplemental Findings of Fact indicates that a new Judge will continue the practices of his predecessor, since the Court had erred in enjoying the misconduct of Judge Kent A. Jordan.

Plaintiff further alleges for reconsideration of the motion denying him leave to proceed in forma pauperis on the basis of the foregoing theories and on the basis that he is in Imminent danger of physical injury. See Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, the Court should alter any Judgment filed in the Captioned matter against Plaintiff. Just recently Plaintiff was diagnosed with a wrong medicine, after 9 days of hunger strike, the Prison Administration gave him "Hordol" and causes his Jaw to seize or Lock for 2 plus he was enable to breath and talk nor open his mouth, Plaintiff had been under Imminent even from the day he filed this Action. The medication was reversed by injection to clear the effect.

Plaintiff further argues that the matter is not moot. See United States v. W.T. Grant Co., 345. U.S. 629, 632, 97 L.Ed. 1303, 73 S.Ct. 894 (1953) "held The test for mootness in Cases such as this is a "Stringent" one with the burden resting heavily on the defendant to prove the absence of a likelihood that the illegality will recur.

WHEREFORE, For the reasons set forth above, the Complaint should be reopened in its entirety as against the enumerated defendants and Plaintiff granted permission to proceed under 28 U.S.C. Sec. 1915 and granted A Leave to amend Pleading from the original one.

Submitted under 28 U.S.C. §1746.

Respectfully Submitted

Gbeke M. Avala
No. 82074-054

Dated 3/19/07.

7.

# MEMORANDUM

TO: Honorable Kent A. Jordan

FROM: Nancy D. Rebeschini

DATE: June 8, 2006

RE: Civ. No. 06-361-KAJ, Awala v. Grand Jury

---

Three strikes order for Mr. Awala.

Thank you.